UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

MAXIMILIEN DE HOOP CARTIER,
   a/k/a "Maximiliano de Hoop Cartier,"
   a/k/a "Max Cartier,"

                Defendant.

**SEALED INDICTMENT**

24 Cr.

**24 CRIM 133**

## COUNT ONE
### (Conspiracy to Commit Money Laundering)

The Grand Jury charges:

1.    From at least in or about May 2023 through at least in or about November 2023, in the Southern District of New York and elsewhere, MAXIMILIEN DE HOOP CARTIER, a/k/a "Maximiliano de Hoop Cartier," a/k/a "Max Cartier," the defendant, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit money laundering, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i).

2.    It was a part and an object of the conspiracy that MAXIMILIEN DE HOOP CARTIER, a/k/a "Maximiliano de Hoop Cartier," a/k/a "Max Cartier," the defendant, and others known and unknown, would and did transport, transmit, and transfer, and attempt to transport, transmit, and transfer, a monetary instrument and funds from a place in the United States to and through a place outside the United States and to a place in the United States from and through a place outside the United States, knowing that the monetary instrument and funds involved in the transportation, transmission, and transfer represented the proceeds of some form of unlawful

activity, and knowing that such transportation, transmission, and transfer was designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, to wit, narcotics trafficking, in violation of Title 21, United States Code, Section 841, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i).

(Title 18, United States Code, Section 1956(h).)

## COUNT TWO
### (Money Laundering)

The Grand Jury further charges:

3. From at least in or about January 2020 through the present, in the Southern District of New York and elsewhere, MAXIMILIEN DE HOOP CARTIER, a/k/a "Maximiliano de Hoop Cartier," a/k/a "Max Cartier," the defendant, knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity, conducted and attempted to conduct such a financial transaction, which transaction affected interstate and foreign commerce and involved the use of a financial institution which was engaged in, and the activities of which affected, interstate and foreign commerce, and which in fact involved the proceeds of specified unlawful activity, to wit, bank fraud, in violation of Title 18, United States Code, Section 1344, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity

(Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.)

## COUNT THREE
### (Bank Fraud)

The Grand Jury further charges:

4.      From at least in or about January 2020 through the present, in the Southern District of New York and elsewhere, MAXIMILIEN DE HOOP CARTIER, a/k/a "Maximiliano de Hoop Cartier," a/k/a "Max Cartier," the defendant, knowingly executed, and attempted to execute, a scheme and artifice to defraud a financial institution, as that term is defined in Title 18, United States Code, Section 20, and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, such a financial institution, by means of false and fraudulent pretenses, representations, and promises, to wit, CARTIER opened accounts at financial institutions in the New York, New York and elsewhere, and falsely represented to the financial institutions that the accounts would be used primarily for software or technology related transactions, knowing that the accounts would be used to transmit funds on behalf of an unlicensed money remitting business related to the operation of a cryptocurrency exchange, which passed through banks located in New York, New York and elsewhere.

(Title 18, United States Code, Sections 1344 and 2.)

## COUNT FOUR
### (Engaging in a Monetary Transaction in Property Derived from Specified Unlawful Activity)

The Grand Jury further charges:

5.      On or about August 22, 2023, in the Southern District of New York and elsewhere, MAXIMILIEN DE HOOP CARTIER, a/k/a "Maximiliano de Hoop Cartier," a/k/a "Max Cartier," the defendant, within the United States, knowingly engaged and attempted to engage in a monetary transaction, as defined in Title 18, United States Code, Section 1957(f)(1), in criminally derived property of a value greater than $10,000 that was derived from specified unlawful activity, to wit,

3

CARTIER sent a $500,000 wire transfer to a Colombian company consisting of proceeds from the bank fraud charged in Count Three of this Indictment.

(Title 18, United States Code, Sections 1957 and 2.)

## COUNT FIVE
### (Operation of an Unlicensed Money Transmitting Business)

The Grand Jury further charges:

6. From at least in or about January 2020 through the present, in the Southern District of New York and elsewhere, MAXIMILIEN DE HOOP CARTIER, a/k/a "Maximiliano de Hoop Cartier," a/k/a "Max Cartier," the defendant, knowingly conducted, controlled, managed, supervised, directed, and owned all and part of an unlicensed money transmitting business, which affected interstate and foreign commerce and (i) was operated without an appropriate money transmitting license in a State where such operation was punishable as a misdemeanor or a felony under State law; and (ii) failed to comply with the money transmitting business registration requirements under Section 5330 of Title 31, United States Code, and regulations prescribed under such section; to wit, CARTIER controlled and operated multiple companies and bank accounts in the United States which he used to transmit funds on behalf of the public in exchange for a fee, without obtaining a money transmitting license and without complying with money transmitting business registration requirements.

(Title 18, United States Code, Sections 1960 and 2.)

## FORFEITURE ALLEGATION

7. As a result of committing the offenses alleged in Counts One, Two, Four, and Five of this Indictment, MAXIMILIEN DE HOOP CARTIER, a/k/a "Maximiliano de Hoop Cartier," a/k/a "Max Cartier," the defendant, shall forfeit to the United States, pursuant to Title

18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in said offenses, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offenses.

8.  As a result of committing the offense alleged in Count Three of this Indictment, MAXIMILIEN DE HOOP CARTIER, a/k/a "Maximiliano de Hoop Cartier," a/k/a "Max Cartier," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any and all property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as a result of the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

### Substitute Assets Provision

9.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third person;

    c.  has been placed beyond the jurisdiction of the Court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 982;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

_____
FOREPERSON

_____
DAMIAN WILLIAMS
United States Attorney