O6C3DEHC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

            v.                        24 CR 133 (MKV)

MAXIMILIEN DE HOOP CARTIER,

            Defendant.

------------------------------x    Arraignment

                                   New York, N.Y.
                                   June 12, 2024
                                   11:30 a.m.


Before:

                HON. MARY KAY VYSKOCIL,

                                        District Judge


                        APPEARANCES

DAMIAN WILLIAMS
     United States Attorney for the
     Southern District of New York
JENNIFER ONG
     Assistant United States Attorney

DAVID K. BERTAN
     Attorney for Defendant

1          (Case called)

2          THE DEPUTY CLERK:  Counsel, starting for the

3   government, please state your name for the record.

4          MS. ONG:  Good morning, your Honor.  Jennifer Ong for

5   the government.

6          MR. BERTAN:  Good morning.  David Bertan for

7   Mr. Cartier.

8          THE COURT:  Good morning.

9          Do you go by Cartier or is it De Hoop Cartier?

10          THE DEFENDANT:  De Hoop Cartier.

11          THE COURT:  Okay.  So good morning to you, sir.  Good

12   morning to our court reporter as well.

13          So, Mr. De Hoop Cartier, let me ask you first, do you

14   speak and understand English clearly?

15          THE DEFENDANT:  Yes, I do, your Honor.

16          THE COURT:  You do not need the services of an

17   interpreter?

18          THE DEFENDANT:  No, I don't.

19          THE COURT:  Ms. Ong, are there any victims entitled to

20   notice?

21          MS. ONG:  Your Honor, there are a couple victims in

22   this case, namely financial institutions.  We have notified the

23   institutions that we have identified, and as we continue to

24   identify more, we'll make those additional notifications.

25          THE COURT:  Thank you very much.

O6C3DEHC

1         So, good morning again to everyone.  As you know, I'm

2     Judge Vyskocil.

3         Mr. De Hoop Cartier, you have been named in a

4     six-count multi-defendant superseding indictment which bears

5     number S2 24 Cr. 133.  You are charged in five of those six

6     counts.

7         Count One charges you with conspiracy to commit money

8     laundering in violation of Title 18, United States Code,

9     Section 1956(h).

10        Count Two charges you with money laundering in

11    violation of Title 18, United States Code,

12    Section 1956(a)(1)(B)(i) and 2.

13        Count Three charges you with bank fraud in violation

14    of Title 18, United States Code, Sections 1344 and 2.

15        Count Four charges you with engaging in a monetary

16    transaction and property derived from specified unlawful

17    activity, in violation of Title 18, United States Code,

18    Section 1957 and 2.

19        Count Five charges you with operation of an unlicensed

20    money transmitting business in violation of Title 18, United

21    States Code, Section 1960 and 2.

22        And as I say, your case has been assigned to me for

23    handling through trial.  We're here today for purposes of

24    arraignment on that S2 superseding indictment.

25        Are you prepared to proceed?

1              THE DEFENDANT:  Yes, your Honor.

2              THE COURT:  Counsel?

3              MR. BERTAN:  Yes, your Honor.

4              THE COURT:  So would you please stand, sir.

5              THE DEFENDANT:  Yes.

6              THE COURT:  Have you seen a copy of the superseding

7    indictment containing the charges against you?

8              THE DEFENDANT:  Yes, your Honor.

9              THE COURT:  Have you discussed those charges with your

10   lawyer?

11             THE DEFENDANT:  Yes, your Honor.

12             THE COURT:  Would you like me to read the indictment

13   aloud or do you waive public reading?

14             THE DEFENDANT:  Yeah, there's no need.

15             THE COURT:  You waive the public reading?

16             THE DEFENDANT:  Yes, yes.

17             THE COURT:  Counsel?

18             MR. BERTAN:  Yes, your Honor.

19             THE COURT:  How do you plead at this time?  I'll take

20   one charge at a time.

21             THE DEFENDANT:  Not guilty.

22             THE COURT:  Count One:  Conspiracy to commit money

23   laundering.

24             THE DEFENDANT:  Not guilty.

25             THE COURT:  Count Two:  Money laundering.

5

O6C3DEHC

1        THE DEFENDANT:  Not guilty.

2        THE COURT:  Count Three:  Bank fraud.

3        THE DEFENDANT:  Not guilty.

4        THE COURT:  Count Four:  Engaging in a monetary

5  transaction and property derived from specified unlawful

6  activity.

7        THE DEFENDANT:  Not guilty.

8        THE COURT:  Count Five:  Operation of an unlicensed

9  money transmitting business.

10        THE DEFENDANT:  Not guilty.

11        THE COURT:  All right.  A plea of not guilty will be

12  entered on each of those five charges.  You may be seated, sir.

13        THE DEFENDANT:  Thank you, ma'am.

14        THE COURT:  So let's turn to the conference part of

15  today's case.

16        Before which magistrate was Mr. De Hoop Cartier

17  presented?

18        MS. ONG:  Judge Willis, your Honor.

19        THE COURT:  Judge?

20        MS. ONG:  Willis.

21        THE COURT:  I couldn't read her handwriting.  And she

22  did exclude all time until today, correct?

23        MS. ONG:  That's correct, your Honor.

24        THE COURT:  Counsel, do you agree?

25        MR. BERTAN:  Yes.

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1     THE COURT:  So the speedy trial clock begins to run

2  today.

3     Let me just begin.  Since this is the first time

4  you're before me, I don't know whether Judge Willis did this,

5  but let me just remind the government of your obligation to

6  comply with *Brady v. Maryland* and its progeny, which obligate

7  you to disclose to the defense all information, whether

8  admissible or not, that is favorable to the defendant, material

9  either to guilt or to punishment, and known to the prosecution.

10     Possible consequences for non-compliance may include

11  dismissal of individual charges or of the entire case, the

12  exclusion of evidence, and professional discipline or court

13  sanctions on any lawyer found in violation of those ethical

14  obligations.  We will enter written order, if there isn't one

15  already, on the docket describing this obligation more fully

16  and possible consequences of failing to meet those obligations.

17  I direct the prosecution to review that order and to comply

18  with it.

19     But in the meantime, I'd ask you, counsel, to please

20  confirm that you understand the government's obligations and

21  have been and will continue to fulfill them.

22     MS. ONG:  Yes, your Honor.

23     THE COURT:  Thank you.  So, Ms. Ong, do you want to

24  talk to me about what kind of discovery we're talking about,

25  both types of discovery and volume.

1          MS. ONG:  Yes, your Honor.  The discovery in this case

2     we expect to be quite voluminous, approximately 2 terabytes

3     worth of information and materials.  The discovery would

4     include, among other things, extractions of the defendant's

5     cell phone, iPad, and laptop, as well as his e-mail account and

6     iCloud.

7          In addition to that, there are extractions from other

8     devices, e-mail accounts and iCloud accounts from other

9     individuals associated with this case.

10         There are also a number of recordings, including of

11    the defendant's post-arrest interview, but also of controlled

12    meetings with the defendant and defendant's co-defendants.

13    There are also bank records, tax records, materials from other

14    countries, as well as law enforcement reports.

15         THE COURT:  How long do you think that you need to

16    produce these materials?

17         MS. ONG:  Your Honor, the government could produce the

18    materials that it has in its possession within six to eight

19    weeks.  I say six to eight weeks because it takes a lot -- it

20    takes some time to transfer the data of this volume from one

21    device to another, or from one hard drive to another hard

22    drive.  In addition, some of these materials are stored with a

23    vendor, and sometimes the vendor, it takes a couple of weeks.

24    I will add with the caveat we do expect additional discovery to

25    come into the government's possession.  Namely, devices and

1  materials from foreign countries, we just do not have yet, but

2  we are expecting.  In addition, I mentioned the defendant's

3  laptop and iPad.  It's my understanding that we are in the

4  process of extracting those devices, but we don't yet have the

5  extractions yet, but we will produce those as soon as we

6  receive them.  And we will make all, continue to make

7  productions on a rolling basis as we receive those materials.

8           THE COURT:  Today is June 12.  How does August 14 work

9  for producing what you currently have and anything that you

10  obtain in the interim?

11           MS. ONG:  Yes, your Honor.

12           THE COURT:  August 14.  Any objection?

13           MR. BERTAN:  No, your Honor.

14           THE COURT:  From you, Mr. Bertan?

15           MR. BERTAN:  No.

16           THE COURT:  Assuming you receive these materials --

17  you are going to produce them on a rolling basis, counsel?

18           MS. ONG:  Yes, your Honor.  We will produce them as

19  quickly as we can after we receive them.

20           THE COURT:  Okay.  So, assuming you receive these on a

21  rolling basis, Mr. Bertan -- you can both sit.  How long do you

22  think you need to review those materials, to talk to Mr. De

23  Hoop Cartier about them, and to decide whether there will be

24  motion practice?

25           MR. BERTAN:  I would estimate at least two months,

1    your Honor, given the volume.  Also I am going to be on trial

2    throughout most of September, which could complicate matters.

3    Usually does.

4              THE COURT:  What are you asking for?

5              MR. BERTAN:  To be conservative, if the Court would

6    allow three months to report back.

7              THE COURT:  So any motions addressed to the discovery

8    that you receive will be due by November 15.  I would like to

9    have a conference with the parties before then, though, during

10   the month of October, just to learn if there are any issues and

11   whether you're on track and whether you have a sense,

12   Mr. Bertan, of whether there will be motion practice.  And at

13   that time I will set a trial date which looks like it's going

14   to be in early next year.

15             MR. BERTAN:  Your Honor, if I may, can I consult with

16   the government for a moment.

17             THE COURT:  Sure.

18             (Counsel conferring)

19             MR. BERTAN:  Your Honor, I have no issue returning to

20   court some time in October.  But if I might suggest, I've

21   spoken with the government before we began today, and we think

22   it might be in everybody's best interest if we come back some

23   time in July for another conference to advise the Court as to

24   where we are.  With the idea of keeping the schedule you've

25   already put in place for discovery.

O6C3DEHC

1       THE COURT:  I don't have a problem with having you

2   come back in July.  You don't think you can do it by a status

3   letter?  I'm happy to see you all.

4       (Counsel conferring)

5       MR. BERTAN:  We'll do that by status letter.

6       THE COURT:  So why don't I get a status letter by

7   July 15, like a month from today.

8       MR. BERTAN:  That's fine.

9       THE COURT:  Does that make sense?

10       MR. BERTAN:  That's fine.

11       THE COURT:  But we will have a further conference

12   then, and in that status letter, I want to hear has production

13   begun, are there any issues with production, Mr. Bertan, do you

14   have a sense at that point whether you'll have motion practice.

15   You're not obligated to definitively decide by then since we've

16   talked about a November 15 date for any motions, but if you

17   have a sense that there will be motions, you could you tell me

18   that.

19       MR. BERTAN:  There will be full disclosure, your

20   Honor.  That would probably be in everybody's best interest to

21   give the Court an update within about a month.

22       THE COURT:  An update letter by July 15.  We'll have a

23   further conference on October 15 at 11 a.m.  Any motions will

24   be due by November 15.

25       Okay?  Anything further in terms of scheduling?

1        MS. ONG:  Nothing from the government, your Honor.

2        MR. BERTAN:  If I may have a minute, your Honor.

3        THE COURT:  Sure.

4        MR. BERTAN:  No, your Honor.  Thank you.

5        THE COURT:  Is there a motion from the government with

6    respect to the exclusion of time?

7        MS. ONG:  Yes, your Honor.  The government would move

8    to exclude time between today and the next scheduled conference

9    on October 15 to allow the parties to prepare and review

10   discovery, to contemplate any motion practice, and to have

11   discussions regarding a potential pretrial resolution.  We

12   believe such an exclusion of time is in the interest of

13   justice.

14       MR. BERTAN:  No objection, your Honor.

15       THE COURT:  So, on consent then I will exclude all

16   time from today through October 15.  I do find that the ends of

17   justice served by the exclusion of such time outweigh the

18   interests of the public and of the defendant in a speedy trial,

19   since it will allow the government to produce what I understand

20   will be rather voluminous discovery to the defense, it will

21   give Mr. Bertan time to review that discovery, to go over it

22   with Mr. De Hoop Cartier, for the defendant himself to review

23   that discovery, for counsel to contemplate whether there will

24   be any motions, and it will allow the parties time to engage in

25   discussions about a potential consensual disposition of the

1    case, if that is what they wish to do.

2            Now, Mr. De Hoop Cartier, one thing I want to just

3    caution you -- you can remain seated -- caution you about, sir.

4    From time to time, defendants decide as we get close to trial

5    or close to other deadlines, oh, I'm going to get rid of my

6    lawyer and get a new lawyer.  That way, I can get more time.

7    Should you decide -- and I'm certainly not suggesting there is

8    any reason why should decide that -- but should you decide that

9    you need to change counsel for any reason, you need through

10   counsel to advise the Court of that very promptly.  It will not

11   be a basis for my extending any of these deadlines that we've

12   talked about though.  You understand, sir?

13           THE DEFENDANT:  I understand, your Honor.

14           THE COURT:  Do not wait until the 11th hour, if you

15   end up having any issues.

16           THE DEFENDANT:  I understand.  Thank you.

17           THE COURT:  Thank you.  So, defendant is detained on

18   consent, correct?

19           MS. ONG:  That's correct, your Honor.

20           MR. BERTAN:  Yes.

21           THE COURT:  There are no applications at this time,

22   correct?

23           MR. BERTAN:  That's correct.

24           THE COURT:  Is there anything further that we should

25   discuss then?

O6C3DEHC

1          MS. ONG:  Nothing from the government, your Honor.

2          MR. BERTAN:  Nothing from the defense.  Thank you.

3          THE COURT:  Thank you.  Then we'll stand adjourned.  I

4   thank our court reporter very much and I thank you, too, to the

5   marshals.  Have a good day.

6          (Adjourned)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25