USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/21/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

           Plaintiff,

-against-

MAXIMILIEN DE HOOP CARTIER,

           Defendant.

1:24-cr-00133-MKV

**ORDER**

MARY KAY VYSKOCIL, United States District Judge:

       The Court scheduled a conference, [ECF No. 67], to resolve two motions filed by Defendant, [ECF Nos. 64, 65], "invoking his right to proceed pro se" while he was still represented by retained counsel, Mr. Jeffrey Cohn. [ECF No. 66]. After the Court issued the Order, the Court received another letter motion filed by Defendant requesting that the Court relieve Mr. Cohn and appoint new C.J.A. counsel. [ECF No. 68]. The letter motion also requested that the Court retain ancillary jurisdiction over a fee dispute between Defendant and Mr. Cohn. *Id.* The Court ultimately held the conference on February 6, 2025.

       At the conference the Court first explained to Defendant that pursuant to Local Criminal Rule 49.2 and Second Circuit precedent he is not entitled to hybrid representation and therefore he cannot continue to file *pro se* motions while also represented by counsel. *See* Local Criminal Rule 49.2 ("a defendant represented by counsel in a pending criminal case . . . may not file or submit any pro se letter, motion, or brief"); *see also United States v. Rivernider*, 828 F.3d 91, 108 (2d Cir. 2016) ("A defendant has a right either to counsel or to proceed pro se, but has no right to 'hybrid'

1

representation, in which he is represented by counsel from time to time, but may slip into pro se mode for selected presentations."). After the Court's detailed explanation and conversation with Defendant, he represented to the Court that he understood this limitation.

The Court then heard from both Defendant and Mr. Cohn about relieving Mr. Cohn as Defendant's counsel. Based on the representations made to the Court by both Defendant and Mr. Cohn, the Court concluded that there was a complete breakdown in communication and that Mr. Cohn could not continue to represent Defendant. Thereafter, the Court relieved Mr. Cohn as Defendant's counsel. The Court then advised Defendant of his right to proceed *pro se* if he wished to do so. Defendant confirmed that he did not wish to proceed *pro se* and requested that the Court appoint him new C.J.A. counsel. The Court then confirmed that the C.J.A. counsel on duty, Ms. Kate Cassidy, had no conflicts and thereafter the Court appointed Ms. Cassidy to act as counsel for Defendant for the remainder of the conference.

The Court then cautioned Defendant once again that Ms. Cassidy will be Defendant's fourth lawyer in this action. The Court explained to Defendant that he cannot continue this pattern of repetitively seeking new counsel and that although he does have a right to effective counsel, he does not have the right to pick the counsel of his choice. *See United States v. Jones*, 381 F.3d 114, 119 (2d Cir. 2004) (citing *Wheat v. United States*, 486 U.S. 153, 159 (1988)). The Court once again warned Defendant that if he continues this pattern, the Court does have the power to deny subsequent requests for new counsel. *United States v. John Doe No. 1*, 272 F.3d 116, 122 (2d Cir. 2001) ("a defendant has no 'unbridled right to reject assigned counsel and demand another' and that courts must impose restraints on the right to reassignment of counsel in order to avoid the defendant's manipulation of the right 'so as to obstruct the orderly procedure in the courts or to

interfere with the fair administration of justice.' ") (internal citations omitted). Defendant confirmed that he understood the Court's warnings and this conduct would not continue.

The Court then requested that Ms. Cassidy and the Defendant work together to submit an updated C.J.A. financial affidavit to the Court to confirm Defendant's eligibility since he was most recently represented by retained counsel. Ms. Cassidy also requested a few days to speak with the Government to understand the volume of discovery in this case and confirm her availability given the impending trial date of June 9, 2025. Finally, the Court denied all the pending *pro se* motions that Defendant filed when he was represented by counsel without prejudice.

The Court has since received Defendant's updated financial affidavit and information regarding Ms. Cassidy's availability. Accordingly,

IT IS HEREBY ORDERED that Jeffrey Cohn is ordered relieved and the representation of Defendant in the above captioned matter is assigned to C.J.A. attorney Kate Cassidy, *nunc-pro-tunc* February 6, 2025.

IT IS FURTHER ORDERED that Defendant's pending *pro se* motions are DENIED without prejudice to renewal if properly filed by counsel.

IT IS FURTHER ORDERED that the parties shall appear for a conference on February 28, 2025 at 11:30 AM in Courtroom 18C of the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New York.

The Clerk of Court is respectfully requested to terminate the motions pending at docket entries 64, 65, 68, 71.

**SO ORDERED.**

**Date: February 21, 2025**
**New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**